15-3110-cv
Becker v. Buffalo Public Schools

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
                   RAYMOND J. LOHIER, JR.,
                              *Circuit Judges,*
                   EDWARD R. KORMAN,
                              *District Judge.*\*

------------------------------------------------------------------

KEVIN BECKER,

                              *Plaintiff-Appellant,*

                    v.                                                    No. 15-3110-cv

BUFFALO PUBLIC SCHOOLS,

                              *Defendant-Appellee.*\*\*

------------------------------------------------------------------

\* The Honorable Edward R. Korman, United States District Court for the Eastern District of New York, sitting by designation.

\*\* The Clerk of Court is directed to amend the case caption as set forth above.

FOR PLAINTIFF-APPELLANT:    HARVEY P. SANDERS, Sanders & Sanders, Cheektowaga, NY.

FOR DEFENDANT-APPELLEE:    DAVID M. LEE, Assistant Corporation Counsel, for Timothy A. Ball, Corporation Counsel, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-appellant Kevin Becker appeals from a judgment of the District Court (Arcara, J.) granting in part a motion for judgment as a matter of law filed by defendant-appellee Buffalo Public Schools (the "District") pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Specifically, Becker challenges the dismissal of his retaliation claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Becker concedes and the record confirms that the District "initially decided not to hire [him] in April 2006." Appellant's Br. 16. At trial, Becker introduced an interview report dated April 4, 2006 that designated him as a "no hire" before he filed a charge with the Equal Employment Opportunity Commission on April

17, 2006, the earliest filed charge in this case. But Becker claims that the trial evidence demonstrated "that a teacher could be hired at any time before, or even during, the school year." Pointing to evidence that other teachers were laid off on September 3, 2006, and then re-hired on September 4, 2006, he argues that a reasonable jury therefore could find that the District's decision to not hire him to a full-time position was not final as of April 2006. Appellant's Br. 16.

We disagree. No reasonable jury could conclude from this evidence, which pertains to teachers who were already hired in 2004, that the District waited until the beginning of the 2006 school year to finalize Becker's no-hire decision. Becker points to no evidence suggesting that the District reconsidered "no hire" (as opposed to layoff) decisions with respect to full-time openings, or that it could have reconsidered the decision in his case. As the decision not to hire Becker to a full-time position occurred before he engaged in any protected activity, he cannot sustain the claim that the decision was motivated by his protected activity. We therefore agree with the District Court that Becker failed to establish that his protected activity either motivated or otherwise caused the District's decision.

Becker also argues that the District Court's mid-trial grant of the District's Rule 50(a) motion violated the law of the case.   There is no merit to his argument. The law-of-the-case doctrine, which is a "discretionary rule of practice and generally does not limit a court's power to reconsider an issue," <u>In re PCH Assocs.</u>, 949 F.2d 585, 592 (2d Cir. 1991), does not change our analysis.

We have considered all of Becker's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4